UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

v.                                                            Case No. 20-cv-1240-bhl

TODD RUSSELL,

                Defendant.

---

## DECISION AND ORDER

---

Jovan Williams, an inmate at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.   Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On August 19, 2020, Chief Judge Pamela Pepper (to whom the case was assigned at that time) ordered the plaintiff to pay an initial partial filing fee of $0.78. Dkt. No. 6. The plaintiff paid that fee on August 31, 2020. The court will grant the plaintiff's motion for leave to proceed without

1

prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570

2

Case 2:20-cv-01240-BHL-SCD   Filed 10/01/20   Page 2 of 6   Document 8

F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. The Plaintiff's Allegations

The plaintiff alleges that, on February 19, 2018, defendant Todd Russell was doing a wellness check when the plaintiff informed him that he was feeling suicidal. Dkt. No. 1 at 1. The plaintiff asserts that he told the defendant he was going to overdose on pills. *Id.* According to the plaintiff, the defendant briefly turned around, walked back to the plaintiff's cell and said, "That's what I stopped for." *Id.* The plaintiff says that the defendant walked away. *Id.*

The plaintiff asserts that he then swallowed "a bunch of unknown pills, pressed his emergency call button to notify staff of this situation [and] then yelled to defendant Russell that he's suicidal and that he just overdosed on a bunch of pill[s.]" *Id.* at 1-2. The plaintiff states that the defendant ignored him. *Id.* at 2.

The plaintiff alleges he took more pills in front of "the officer who tried to stop the plaintiff from taking the rest of the pills." *Id.* (While it is not entirely clear, this appears to be a different officer than the defendant.) The plaintiff says he was sent to the hospital for treatment. *Id.*

### C. Analysis

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, 18-C-56, 2019 WL 318403 at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The principle derives from the fact that a prison inmate must rely on prison authorities to protect him from threats to his health

3

and safety—whether illness, injury, or other inmates—that by reason of his confinement he is unable to protect himself [from]." *Kupsky v. McLaren*, Case No. 18-C-385, 2018 WL 2208324, at *3 (E.D. Wis. May 14, 2018).

The plaintiff claims that the defendant failed to protect him from the threat of harm he posed to himself. Whether the plaintiff's threats and acts of self-harm were sincere or whether they were a means to manipulate staff or get attention is a question the court cannot answer at this stage of the case. The court must draw all reasonable inferences in the plaintiff's favor. The plaintiff's allegations that he told the defendant he was suicidal, showed him a handful of pills, swallowed the pills after the defendant ignored him, and suffered an injury significant enough that it required a hospital visit are sufficient to state a claim for deliberate indifference.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Todd Russell. Under the informal service agreement, the court **ORDERS** the defendant to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $349.22 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another

4

county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

5

custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the court dismissing this case without further notice.

Dated at Milwaukee, Wisconsin this 1st day of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge
