UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

JOVAN WILLIAMS,

        Plaintiff,

     v.                                    Case No. 20-cv-1240-bhl

TODD RUSSELL,

        Defendant.

___

## DECISION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

___

      Plaintiff Jovan Williams, a prisoner who is representing himself, filed this action under 42 U.S.C. §1983, alleging that Defendant Todd Russell violated his constitutional rights. The case is before the Court on Defendant's motion for summary judgment, which is fully briefed and ready for the Court's decision. The Court will grant Defendant's motion and dismiss this case.

### BACKGROUND

      At the relevant time, Williams was incarcerated at the Waupun Correctional Institution, where Russell worked as a corrections officer. Williams has an extensive history of self-harm behavior. Clinicians in the Psychological Services Unit have noted that Williams has a tendency to use self-harm for secondary gain. He also has a history of using threats and acts of self-harm as a means of getting attention, manipulating staff, and expressing frustration with staff. Williams asserts that the clinicians' opinions are based on speculation and contradict their decisions to repeatedly place him in clinical observation. Dkt. No. 18 at ¶¶1-2, 6. Dkt. No. 29 at ¶6.

      On February 10, 2018, at about 3:00 a.m., Russell completed one of the 15-minute rounds he was assigned to do that night. Williams asserts that, during that round, he informed Russell that

he was suicidal and about to engage in self-harm activities. According to Williams, Russell came back to Williams' cell, said "That's what I stopped for," and then walked away. Williams states that he yelled, "I am about to overdose. I am suicidal and [] I am about to engage in self-harming activities." Williams asserts that Russell ignored him. According to Williams, "[a]t that time, [he] overdosed on a bunch of pills and continued to yell that he is suicidal and that he just overdosed on a bunch of pills." Dkt. No. 29 at ¶24. Russell denies that Williams stopped him or told him that he was feeling suicidal or had pills. Dkt. No. 18 at ¶24.

At about 3:15 a.m., Williams pushed his emergency call button and informed staff he had cut himself. Sergeant Kuik (not a defendant) reported to Williams' cell front, and Williams showed Kuik a small cut that was barely bleeding. He also showed Kuik about ten to fifteen pills in his hand and said he was taking them. Kuik called for a supervisor and restraints and ordered Williams to put his hand out of his trap to be restrained. Williams complied. Williams was seen by a nurse (not a defendant) at the holding cell. He refused to disclose how he got the pills and refused to let the nurse take his vitals, telling her he was "fine." Williams was then transported to Waupun Memorial Hospital. Dkt. No. 18 at ¶¶27-30.

At the hospital, Williams refused to tell staff what medication he had taken. Williams asserts that he told hospital staff that his stomach hurt a lot and he was nauseous and felt uncomfortable. The emergency room doctor noted that Williams was alert and oriented, in no acute distress, his vital signs were normal, and he was stable. The doctors determined Williams had likely taken Tylenol because his acetaminophen levels were "slightly elevated" when he arrived at the hospital. His liver function test was normal and his Tylenol levels were within normal limits within a few hours. Doctors noted that Williams had no complications, a normal comprehensive metabolic panel, negative EKG, normal salicylate levels, no arrythmia, nausea,

vomiting, fever, or chills. Williams was discharged from the hospital without needing further medical care. Dkt. No. 18 at ¶¶31-37; Dkt. No. 29 at ¶¶32.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Williams asserts that Russell violated his constitutional rights when he ignored Williams' statements that he was feeling suicidal and planned to overdose on pills. The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, No. 18-C-56, 2019 WL 318403 at *2 (E.D. Wis. Jan. 24, 2019) (citing

*Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "Their duty extends to protecting inmates from imminent threats of serious self-harm, and the 'obligation to intervene covers self-destructive behaviors up to and including suicide.'" *Szopinski v. Koontz*, 832 F. App'x 449, 451 (7th Cir. 2020) (quoting *Miranda v. Cty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018)).

Questions of fact exist regarding the interactions between Williams and Russell. Williams asserts that his suicidal feelings were genuine and that he was clear and specific about his intentions, while Russell asserts that Williams said or did nothing that indicated he planned to harm himself. But, "[i]n order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) (quoting *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)).

The evidence shows that Williams experienced, at most, a stomachache, some nausea, and slightly elevated Tylenol levels for a couple of hours. "By any measure, the injuries were trivial—indeed, almost nonexistent." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020); *see also Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010) ("Vomiting, in and of itself, is not an uncommon result of being mildly ill, and, absent other circumstances . . . does not amount to an objectively serious medical condition."). Thus, Williams' claim "fails on the basic proposition that he has sued for damages under § 1983 and alleged a constitutional tort (an Eighth Amendment violation) without then developing evidence of a recoverable injury." *Lord*, 952 F.3d at 905; *see also Madlock v. Shannon*, No. 19-CV-410-JDP, 2021 WL 980916, at *1 (W.D. Wis. Mar. 16, 2021) (holding that plaintiff who vomited, felt light-headed and had temporary, elevated levels of acetaminophen "failed to identify any evidence that he was actually injured in his self-harm attempt"). Russell is entitled to summary judgment on Williams' claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 16) is **GRANTED,** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of August, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.